**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5196-14T3

RONALD LONG,

    Appellant,

v.

NEW JERSEY STATE PAROLE
BOARD,

    Respondent.

_____

        Submitted February 28, 2017 – Decided September 8, 2017

        Before Judges Espinosa and Suter.

        On appeal from the New Jersey State Parole Board.

        Ronald Long, appellant pro se.

        Christopher S. Porrino, Attorney General, attorney for respondent (Lisa A. Puglisi, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

    Ronald Long (appellant) appeals the May 27, 2015 final

administrative decision of the New Jersey Parole Board (Board),

denying his parole and setting a 96-month future parole eligibility term (FET).  We affirm the Board's decision.

We recount only such facts as are necessary for our decision. In 1985, appellant was convicted on all counts of a thirteen-count indictment, including felony murder and a number of other crimes. He is serving a life sentence with a minimum term of thirty years and nine months on the felony murder conviction and, on the non-murder convictions, an aggregate sentence of 61.5 years with parole ineligibility of 30.75 years, to be served concurrently.  These convictions were affirmed on appeal, State v. Long, 119 N.J. 439 (1990) (Long I) and his petitions for post-conviction relief were denied.[1]

Appellant became eligible for parole in May 2014.  A hearing officer referred the case to a two-member panel of the Board in February 2014.  After a hearing before the two-member panel, appellant's request for parole was denied on March 17, 2014.  The

---

[1] See State v. Long, No. A-3860-92 (App. Div. Jan. 3, 1995), certif. denied, 139 N.J. 441 (1995) (Long II); State v. Long, No. A-6072-98 (App. Div. June 8, 2001), certif. denied, 170 N.J. 86 (2001) (Long III); State v. Long, No. A-0066-02 (App. Div. July 17, 2003), certif. denied, 178 N.J. 250 (2003) (Long IV); State v. Long, No. A-4219-03 (App. Div. Jan. 27, 2005), certif. denied, 183 N.J. 215 (2005) (Long V); State v. Long, No. A-1413-07 (App. Div. Aug. 14, 2009), certif. denied, 200 N.J. 548 (2009) (Long VI); State v. Long, No. A-0913-11 (App. Div. Sept. 26, 2013), certif. denied, 217 N.J. 304 (2014) (Long VII); and State v. Long, No. A-4859-12 (App. Div. Oct. 15, 2014) (Long VIII).

two-member panel determined that "a substantial likelihood exists that [appellant] would commit a new crime if released on parole at this time." That panel also referred the case to a three-member panel to establish a FET.

Appellant sent a letter of mitigation to the Board Chairman in March 2014. He maintained he had no criminal record because, although he was charged with four offenses in Pennsylvania prior to the December 1982 charges in New Jersey for which he was convicted, he did not plead guilty to the Pennsylvania charges until after. His only disciplinary infraction occurred in 1993. Criminal charges against him arising from two fights while in prison occurred a number of years ago. He attained minimum custody status. He alleged the nature of his criminal record was not increasingly more serious, and that no prior opportunities for probation had failed. He referred the panel to a Channel 9 "I Team" report, asking that it be reviewed. He maintained his innocence of the convictions, citing to an unreported decision to support his contention that only expert psychological analysis could link probable recidivism with a failure to admit guilt.

Appellant appealed to the Board by letter in May 2014. There he challenged the jurisdiction of the Board because there was no pre-sentence investigation or pre-sentence report (PSR). He alleged his constitutional rights were violated by a decision of

less than the full Board. He reviewed N.J.A.C. 10A:71-3.11(b) in support of his application for parole, noting issues he raised in the letter of mitigation and maintaining that favorable information was overlooked. He urged the Board to review "purported confidential information."

In July 2014, a three-member panel of the Board concluded the standard FET for murder was not appropriate for appellant, see N.J.A.C. 10A:71-3.21(a)(1) & (c), imposing instead a FET of 96 months. N.J.A.C. 10A:71-3.21(d) (allowing a three-member panel to "establish a future parole eligibility date which differs from [the regulation] if . . . [it would be] clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior"). A Decision Narrative in September 2014 supported the panel's decision.

Appellant appealed to the Board, again raising the alleged absence of a PSR. He asserted the panel members did not comply with their professional code of conduct and should have considered mitigating factors, including his minimum custody status, lack of a prior criminal record, and the fact that he was infraction-free while incarcerated.

The two- and three-member panels issued amended decisions in May 2015.[2] In its amended decision, the two-member panel continued to deny parole, determining that a "substantial likelihood exist[ed] that [appellant] would commit a new crime if released on parole at this time" and referred the case to a three-member panel to set an appropriate FET. It added as mitigating factors that appellant had no prior or minimal criminal record, had achieved minimum custody status and that his last institutional infraction was in 1993. It amended the reasons for denial to remove that his prior criminal record was extensive, that a prior opportunity on parole failed to deter criminal behavior and that a prior incarceration did not deter criminal behavior. However, the panel continued to deny parole, noting appellant's prior criminal record, the increasingly serious nature of that record, that he was incarcerated for multi-crime convictions, showed lack of insight into his criminal behavior, minimized his conduct, failed to take responsibility for the serious nature of the crimes, and committed a crime while incarcerated, taking into consideration the panel interview, pre-parole report and documentation in the case file.

---

[2] The two-member panel issued an earlier amendment in April 2014. We discuss those changes with the May 2015 amendments.

The three-member panel established a 96-month FET and issued an amended Notice of Decision. The panel noted appellant committed multiple offenses in Pennsylvania before the December 1982 murder, which "dramatically escalated" his criminality. He was incarcerated in New Jersey for eight separate offenses. He committed an assault while incarcerated. He continued to minimize his involvement in prior criminal acts and blamed his actions on youth and the involvement of others. By not admitting guilt, he "miss[ed] opportunities to explore [his] motivations." He characterized himself as "less dangerous" than his "record would otherwise reflect."

Based on a "comprehensive review of the entire record," appellant "continue[d] to remain a substantial threat to public safety." It considered his letters of mitigation, concluding that those issues were "already a matter of record" that he had the opportunity to mention these at his hearing, but that "the information [he] presented [did] not outweigh the factors supporting the establishment of a[n] [FET] in excess of the administrative guidelines." The panel concluded that appellant's "need to distance [himself] from responsibility for [his] actions render[ed him] unable to gain full insight into the root causes of [his] decisions." He "mitigate[d] every admission by attributing [his] culpable actions to others." For acts where he

actually admitted guilt, he maintained that his involvement was minor in nature. He had engaged in "damage control" that showed his lack of "insight into these crimes." He could not identify the causes of his criminal behavior. His answers at the hearing did "little to suggest [he had] fundamentally changed and [was] no longer . . . a substantial threat." The panel determined the 96-month FET was necessary, concluding that "after thirty (30) years incarceration, [he had] not shown the requisite amount of rehabilitative progress in reducing the likelihood of future criminal activity."

In its final agency decision of May 27, 2015, the Board affirmed the decisions of the two- and three-member panels, finding that "the aggregate of information [had been considered] pursuant to N.J.A.C. 10A:71-3.11" and that there was support in the record and documentation in accord with N.J.A.C. 10A:71-3.18(f). It affirmed the two-member panel determination that the standard FET was "clearly inappropriate due to [his] lack of satisfactory progress in reducing the likelihood of future criminal behavior." The Board affirmed the determination of the three-member panel to establish a 96-month FET as set forth in the Notice of Decision.

The Board took into consideration the May 20, 2015 amended Notice of Decision by the three-member panel. The Board found the panel had "sufficient material [about] . . . his commitment

offenses, criminal history and personal background at the time of [his] hearing" and that appellant's argument about the lack of a PSR "had no bearing" on the panel's determination. The Board found that the panel relied on the sentencing fact sheet that included "details regarding [his] original and final charges, dates of arrest, convictions and offense, the State's version of the offense, 'special factors' and prior record, as well as the court decisions in [appellant's] case and the 'Reasons for the Sentence' issued in [appellant's] case."

The Board cited to our opinion in Long VI where we rejected appellant's PCR petition. We stated there that the "absence of a PSR was well within the knowledge of defendant from the initial resentencing and during all periods when the various sentences were imposed." Long VI, supra, slip op. at 20. We concluded the PCR issue was time-barred and declined to address it on the merits.

The Board found that appellant's entire criminal and institutional disciplinary record was reviewed. When he was charged in New Jersey, he already had committed "multiple offenses" in Pennsylvania and was awaiting adjudication of those, one of which featured violence and "foreshadow[ed]" his criminal offenses in New Jersey.

The Board found that the panel correctly reconsidered and removed as a factor "prior opportunity on parole has failed to

deter criminal behavior" as a basis for denying parole. The Board found mitigating factors were properly considered, which included appellant's risk assessment, no prior criminal record, favorable institutional adjustment, and the achievement of minimum custodial status.

The Board agreed with the panel that appellant's record should not be considered infraction-free because there was one infraction, but that the panel also appropriately considered that he had favorable institutional adjustment. The Board rejected appellant's contention that the panel failed to consider gang-free status or minimum custody status because those factors were taken into consideration. The Board rejected appellant's contention that it should not consider an assault he committed thirty years earlier while incarcerated, finding that it was appropriate to consider it.

The Board rejected appellant's contention that it denied parole because he continued to maintain his innocence. The decision was based on sufficient credible evidence that appellant lacked problem resolution, lacked insight into his criminal behavior and minimized his conduct. The Board found no constitutional violations because appellant was afforded a parole hearing that considered all records and information. It found a

substantial likelihood he would commit a new crime and denied parole.

Further, the Board rejected appellant's contention there was a violation of Board policy or procedure or a violation by the panel members of the professional code of conduct or that anyone had a personal interest or demonstrated bias or prejudice.

Appellant appeals the May 27, 2015 Board decision, raising these issues:

> POINT I. APPELLANT WAS DENIED A FAIR PAROLE HEARING WITHOUT A PRE-SENTENCE REPORT, AS IS MANDATED BY STATE LAW, AND THE ADMINISTRATIVE CODE GOVERNING PAROLE HEARINGS.
>
> POINT II. THE DECISION TO DENY PAROLE AND IMPOSE AN EIGHT-YEAR FUTURE ELIGIBILITY TERM BASED ON 'DENIAL OF CRIME' AND THE 'SUFFICIENCY OF EVIDENCE' AT APPELLANT'S TRIAL, WHERE APPELLANT HAS ALWAYS MAINTAINED HIS INNOCENCE, ARE ARBITRARY, CAPRICIOUS AND SHOULD BE REVERSED.
>
> POINT III. THE PAROLE BOARD ERRED BY RELYING ON MISLEADING AND EXAGGERATED REASONS, AND EVEN FALSE FACTS, TO DENY PAROLE AND IMPOSED AN EIGHT-YEAR FUTURE ELIGIBILITY TERM, WHEREFORE THOSE DECISIONS SHOULD BE REVERSED.
>
> POINT IV. BOARD PANEL MEMBERS FAILED TO COMPLY WITH THE BOARD'S PROFESSIONAL CODE OF CONDUCT AND RENDERED DECISIONS BASED UPON FALSE REASONS, WHEREFORE THE DECISIONS TO DENY PAROLE AND IMPOSE AN 8-YEAR FUTURE ELIGIBILITY TERM MUST BE REVERSED.

The scope of our review is very limited. "[T]he Parole Board is the 'agency charged with the responsibility of deciding whether

an inmate satisfies the criteria for parole release under the Parole Act of 1979.'" Acoli v. N.J. State Parole Bd., 224 N.J. 213, 222 (citation omitted), cert. denied, ___ U.S. ___, 137 S. Ct. 85, 196 L. Ed. 2d 37 (2016). "The decision of a parole board involves 'discretionary assessment[s] of a multiplicity of imponderables . . . .'" Trantino v. N.J. State Parole Bd., 166 N.J. 113, 201 (2001) ("Trantino V") (first alteration in original) (quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 10, 99 S. Ct. 2100, 2105, 60 L. Ed. 2d 668, 677 (1979)). "[T]he Board 'has broad but not unlimited discretionary powers' . . . . " Id. at 173 (citations omitted). The Board's decision regarding parole will not be disturbed unless "arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole." In re Stallworth, 208 N.J. 182, 194 (2011) (alteration in original) (citation omitted); see also Acoli, supra, 224 N.J. at 222-23.

Appellant is serving a life sentence for the murder he committed in 1982. Under the statute in effect at the time, "[t]he Parole Board's ultimate determination of parole fitness must be based on whether there is a likelihood that [appellant] will again engage in criminal activity." Trantino v. N.J. State Parole Bd., 154 N.J. 19, 39 (1998) ("Trantino IV"); see also Williams v. N.J.

State Parole Bd., 336 N.J. Super. 1, 7 (App. Div.), certif. denied, 165 N.J. 523 (2000).

Our review of the record and of appellant's contentions on appeal reveals nothing in the Board's decision that was arbitrary, capricious or unreasonable. The Board's decision affirmed the two- and three-panel member decisions made after their reconsideration of issues raised by appellant. Those decisions removed three reasons for denial of parole, and added an additional mitigating factor. Appellant's arguments on appeal about those four issues have no relevance because they were not the basis of the Board's decision.

Appellant expressed that he did not think the Board "took the matter serious," because parole was denied and a 96-month FET imposed. However, the Board expressly took into consideration appellant's psychological report and the factors set forth in N.J.A.C. 10A:71-3.11(b). The Board considered appellant's prison history, participation in prison programs, counseling, his work as a paralegal and in other areas within the prison, and his minimum custody status. It took into consideration reasons for denying his request for parole including his criminal record in Pennsylvania, a record that increased in seriousness, multi-crime convictions, a lack of insight into his criminal behavior, the denial of these crimes, and that he committed a crime while

incarcerated. At the hearing in March 2014, appellant minimized his conduct, blaming others or circumstances for his offenses, which showed no insight into his behavior.

Appellant was not denied a fair parole hearing because of the absence of a PSR.[3] Appellant did not present new information for the Board's consideration. He cited nothing that should have been considered, but was not. He was time-barred in 2009 from raising the PSR issue in the appeal of his sentence and its assertion here is no more timely. He cited no facts to support his contention of bias or prejudice. Instead, the record shows the absence of bias because both the two- and three-member panels reconsidered based on the letters appellant submitted and amended their decisions. He had ample opportunity at the hearings to explain why he should be entitled to parole.

We disagree with appellant's contention that the Board cannot consider his denial of responsibility for his convictions. The Supreme Court affirmed his convictions. Long, supra, 119 N.J. at 504. The issues he raised post-conviction all were rejected. We are satisfied based on the record that the Board's decision was not arbitrary, capricious or unreasonable.

---

[3] We affirmed appellant's sentence in 2009 rejecting as out of time his challenge based on the absence of a presentence report.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION